UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOZMA INVESTMENTOS, LTDA, a
foreign corporation,

       Plaintiff,

v.                                         Case No:  2:17-cv-306-FtM-99CM

EDSON PEREIRA DUDA,
NATALINA SACCHI DUDA and
GEBY INVESTMENTS, LLC,

       Defendants.
_____/

### OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff Kozma Investmentos, LTDA's (Kozma or Plaintiff) Motion to Remand to State Court (Doc. 22) filed on June 29, 2017, and Defendant Geby Investment, LLC's (Geby or Defendant) Response (Doc. 25) filed on July 12, 2017.[2] The Court has also reviewed Geby's Response to Order to Show Cause (Doc. 23), which addresses whether this Court has subject-matter jurisdiction over the case. For the reasons set forth below, the Motion to Remand is denied.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendants Natalina Sacchi Duda and Edson Pereira Duda have not yet been served nor appeared.

**Background**

This case was removed from State Court on June 5, 2017. (Doc. 1). Plaintiff's Complaint (Doc. 2) alleges only state law claims, specifically two counts under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105-106 (FUFTA). Plaintiff seeks recovery of real property fraudulently transferred by Defendants Edson and Natalina Duda to Geby in avoidance of a creditor's (Kozma's) claim,[3] which stems from a $14 million foreign Arbitration Award (the Award). Defendant's Notice of Removal seeks removal based upon the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention Act), wherein federal district courts have original jurisdiction over actions or proceedings "falling under the Convention"[4] regardless of the amount in controversy. 9 U.S.C. § 203. "The New York Convention is a multilateral treaty that, with exceptions, obligates participating countries to honor international commercial arbitration agreements and to recognize and enforce arbitral awards rendered pursuant to such agreements." *Enron Nigeria Power Holding, Ltd. v. Fed. Republic of Nigeria*, 844 F.3d 281, 283 (D.C. Cir. 2016). The Convention Act specifies that the Federal Arbitration Act (FAA) "applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208. Article 2 of the FAA provides for enforcement of foreign arbitration agreements and awards, and to these ends, it ratifies and incorporates the Convention. 9 U.S.C. § 201. "The goal of the Convention, and the principal purpose

---

[3] The Arbitration Award was initially entered in favor of All Ore Minera, who subsequently transferred and assigned all its rights to the Arbitration Award to Kozma. (Doc. 15, p. 3.)

[4] "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202.

2

underlying [the United States'] adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

Defendant states that Plaintiff is essentially seeking to enforce an unconfirmed arbitration award that was entered in Brazil by setting aside as fraudulent the Dudas' conveyance to Geby of certain real property located in Collier County, Florida in order to avoid its creditors; therefore, Defendant believes that this Court has jurisdiction and that removal is proper pursuant to the Convention Act. Noting that there is a real question whether Plaintiff's claims in the Complaint "fall under the Convention," the Court directed Defendant to supplement its Notice of Removal or otherwise show cause, detailing why this Court has subject-matter jurisdiction over the case. (Doc. 20). Thereafter, Plaintiff filed a Motion to Remand (Doc. 22), raising some of the same jurisdictional issues as the Court did in its Order to Show Cause, and Defendant responded to the Court's Order to Show Cause on July 3, 2017. (Doc. 23).

## Discussion

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Removal jurisdiction raises significant federalism concerns, and thus courts

strictly construe removal statutes.  See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Any doubt as to the presence of jurisdiction should be resolved in favor of remand.  See *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  Chapter 2 provides in 9 U.S.C. § 201 that the Convention "shall be enforced in United States courts in accordance with this chapter," and Section 202 limits the application of the Convention to international commercial disputes.  It establishes a federal forum for disputes concerning arbitrations falling under the Convention, *see id.* §§ 203-04, while providing an optional right of removal by defendants for Convention-related disputes pending in a state court, *see id.* § 205.  The Court acknowledges that generally Section 205 allows for an exceptionally broad removal right.  *Key Motors Ltd. v. Hyundai Motor Co.*, No. 16-23657-CIV, 2016 WL 7364756, at *3 (S.D. Fla. Oct. 31, 2016).

Plaintiff argues that this matter should be remanded because the Award – entered in Brazil – holds the same status as a final judgment in Brazil and is therefore enforceable as an out-of-country foreign judgment pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. § 55.601, *et seq.* (the Recognition Act).[5]  Therefore, Plaintiff argues, that as a foreign judgment the Award is not governed by the Convention, but by Florida law via the Recognition Act.  Defendant responds that the Award is not a foreign judgment, but an arbitration award, which falls under the Convention and this Court is expressly granted jurisdiction to hear the case pursuant to 9 U.S.C. § 203.

---

[5] Plaintiff registered the Award as a foreign judgment in the Twentieth Judicial Circuit in and for Collier County, Florida.  *See Kozma Investmentos, LTDA vs. Edson Pereira Duda & Natalina Sacchi Duda*, Case No. 2017-CA-000936 (foreign judgment recorded on June 2, 2017).  The Court takes judicial notice of these underlying proceedings, which remain pending.

4

"The Convention by its terms applies to only two sorts of arbitral awards: 1) awards made in a country other than that in which enforcement of the award is sought, and 2) awards "not considered as domestic awards in" the country where enforcement of the award is sought." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998). Defendant argues that this Award "falls under the Convention" because it was made in Brazil and involves Plaintiff, which is a foreign corporation, and Plaintiff seeks to enforce the Award in the United States.

Florida's Recognition Act sets forth certain procedures to obtain recognition of a foreign judgment, and applies to any out-of-country foreign money judgment "that is final and conclusive and enforceable where rendered . . ." Fla. Stat. § 55.603. "When applying the statute to foreign money judgments, the UFMJRA contemplates a two-step process before the judgment can be collected in this state. First, the judgment must be recognized; then the judgment creditor must institute enforcement proceedings." *Nadd v. Le Credit Lyonnais, S.A.*, 804 So. 2d 1226, 1231 (Fla. 2001). "The language of section 55.603 makes it clear that the first question in the recognition process is whether or not the foreign judgment is 'final and conclusive and enforceable' in the country where the judgment was rendered." *Id.* Once the party seeking to enforce the judgment follows the filing and notice requirements of Fla. Stat. § 55.604, the judgment will be enforced without a hearing unless the judgment debtor objects within 30 days. There are numerous grounds for non-recognition identified in the statute which could bar enforcement of the judgment. *See* Fla. Stat. § 55.605.

Defendant argues that the Florida Recognition Act does not apply in this case as it applies only to judgments of a "foreign state," defined as a "governmental unit other

5

than the United States", and here a private international tribunal issued the Award, not a government unit. Fla. Stat. § § 55.602, 55.603. In support, Defendant cites cases from out-of-Florida jurisdictions, urging the Court to follow them. The Court declines and will follow the principles outlined by the Florida Supreme Court in *Nadd*, wherein the court found that a judgment must be enforceable in the country in which it was rendered to be recognized under the Recognition Act. 804 So. 2d at 1231-32. Here, Article 31 of the Brazilian Arbitration Act provides that arbitral awards shall have the same effect on the parties and their successors as a judgment rendered by the judicial authority and, if it includes an obligation for payment, it shall constitute an enforcement instrument thereof.[6] Although the Award in his case appears to meet the criteria for recognition as set forth in *Nadd* because it is enforceable as a judgment in the country it was rendered (Brazil), the Court has serious doubts as to whether the Award is enforceable as a Florida judgment as many provisions of the Florida statute have not yet been complied with. The underlying proceeding brought by Plaintiff under the Recognition Act appear to still be pending, and it is not clear that Kozma has complied with the notice requirements of Fla. Stat. § 55.064 in that case, or that the state court has entered an order recognizing the foreign judgment.[7] *See* Fla. Stat. § 55.604(6). Therefore, the Court is not convinced that the Award has been recognized as a judgment in Florida. Moreover, Plaintiff does not otherwise argue how this Court can decide an issue that is currently in front of the state court.

---

[6] The Court will take judicial notice of Article 31 of the Brazilian Arbitration Act.

[7] Again, the Court takes judicial notice of *Kozma Investmentos, LTDA vs. Edson Pereira Duda & Natalina Sacchi Duda*, Case No. 2017-CA-000936.

That being said, Plaintiff argues that the Convention still does not apply because Kozma can pursue recovery of the real property transferred by the Dudas to Geby in violation of FUFTA regardless of whether the Award is considered a judgment because FUFTA defines a "claim" as "a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(4) (emphasis added). But even if that is the case, that does not speak to whether the Court has jurisdiction over this case pursuant to the Convention. That argument only goes to whether Plaintiff has stated a claim, not jurisdiction. Therefore, the Court finds that the Award that Plaintiff seeks to enforce falls under the Convention, allowing this Court to exercise jurisdiction pursuant to Section 203. The Court does note though that subject-matter jurisdiction remains a "live" issue throughout the duration of this case.[8]

Finally, the Court will address Defendant's pending Motion to Dismiss. (Doc. 8). In response to the Motion to Dismiss, Plaintiff states that it wishes to amend to state the basis for the assignment of rights (Doc. 15, p. 7), seemingly in response to Defendant's argument that Kozma lacks standing to bring its lawsuit. As this case is in its initial stages the Court will allow the amendment and deny the Motion to Dismiss as moot. This will also let the parties address whether dismissal is appropriate in light of this Opinion and Order if Defendant wishes to file another motion to dismiss in response to the Amended Complaint.

Accordingly, it is now

**ORDERED:**

---

[8] Even if the Court does not have subject-matter jurisdiction pursuant to the Convention, diversity jurisdiction could be proper.

7

(1) Plaintiff's Motion to Remand to State Court (Doc. 22) is **DENIED**.

(2) Plaintiff may file an Amended Complaint on or before **August 4, 2017**.

(3) Defendant's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

(4) The Court will take no further action on its Order to Show Cause (Doc. 20).

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of July, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record