UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOZMA INVESTMENTOS, LTDA, a
foreign corporation,

       Plaintiff,

v.                                                  Case No: 2:17-cv-306-FtM-99CM

EDSON PEREIRA DUDA,
NATALINA SACCHI DUDA and
GEBY INVESTMENTS, LLC,

       Defendants.
                                    /

**OPINION AND ORDER**[1]

      This matter comes before the Court on Defendant Geby Investments, LLC's (Defendant or Geby) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 34) filed on August 18, 2017. Plaintiff Kozma Investmentos, Ltda's (Plaintiff or Kozma) Response in Opposition (Doc. 35) was filed on September 1, 2017, and Defendant filed a Reply (Doc. 43) on September 13, 2017. For the reasons set forth below, the Motion is denied.

**Background**

      This case was removed from State Court on June 5, 2017 (Doc. 1). Plaintiff is proceeding on an Amended Complaint (Doc. 33), alleging state law claims, specifically two counts under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105-106

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(FUFTA). Plaintiff seeks recovery of real property located in Collier County, Florida, fraudulently transferred by Defendants Edson and Natalina Duda[2] to Geby in avoidance of a creditor's (Kozma's) claim,[3] which stems from a $14 million foreign Arbitration Award (the Award) entered in Brazil.

On July 27, 2017, this Court entered an Opinion and Order denying Plaintiff's Motion to Remand, finding this Court has subject-matter jurisdiction over this case because the Award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention (the Convention). *Kozma Investmentos, LTDA v. Duda*, 2017 WL 3193606 (M.D. Fla. July 27, 2017). Defendant now moves to dismiss the Amended Complaint for failure to state a claim based upon two grounds: (1) the three-year period under the Federal Arbitration Act (FAA) for enforcing arbitration awards has expired; and (2) Kozma's allegations do not establish that it has a "right to payment" as required under FUFTA.

## Discussion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual

---

[2] The Duda Defendants have not yet been served nor appeared in this matter.

[3] The Arbitration Award was initially entered in favor of All Ore Minera, but was subsequently transferred and assigned to Kozma. (Doc. 33, ¶¶ 22-24).

allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### A. Three-Year Statute of Limitations

Defendant moves to dismiss Plaintiff's Amended Complaint in its entirety as barred by the statute of limitations under the FAA. Plaintiff responds that the Convention and the FAA does not apply to fraudulent transfer actions, as Plaintiff is not seeking to enforce the Award via this case. Rather, the enforcement action is pending before the Circuit

Court in and for Collier County, independent of this case.[4] Plaintiff further argues that even if the Convention applies it does not act as a time-bar here because the foreign judgment that Plaintiff seeks to enforce was entered on January 20, 2016, when Brazil's First Instance Court rejected the Dudas' request to set aside the Award, thus entering a decision on the merits on that date.

Generally, the existence of an affirmative defense will not support a motion to dismiss because a plaintiff is not required to negate an affirmative defense in his complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." *Quiller v. Baraclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). *See also La Grasta*, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred" (quoting *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)); *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (same).

The Convention Act specifies that the FAA "applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208. Article 2 of the FAA provides for enforcement of foreign arbitration agreements and awards, and to these ends, it ratifies and incorporates the Convention. 9 U.S.C. § 201. Section 201 of the FAA

---

[4] Plaintiff registered the Award as a foreign judgment in the Twentieth Judicial Circuit in and for Collier County, Florida. *See Kozma Investmentos, LTDA vs. Edson Pereira Duda & Natalina Sacchi Duda*, Case No. 2017-CA-000936 (foreign judgment recorded on June 2, 2017). The Court has taken judicial notice of these underlying proceedings, which remain pending. *See Kozma*, 2017 WL 3193606, n.5.

4

provides that the Convention shall be enforced in U.S. courts: "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter." *Id.* The FAA imposes a three-year statute of limitations to recognize and enforce Convention awards after an arbitral award falling under the Convention is made. 9 U.S.C. § 207.

The Court has previously rejected Plaintiff's argument that this case does not fall under the Convention and continues to do so here.[5] However, the Court is not convinced this action is time-barred based upon the face of the Amended Complaint. The Amended Complaint, which the Court accepts as true, alleges:

> On January 20, 2016, the First Instance Court, a court within Brazil's judicial system and therefore a governmental unit of Brazil, issued a ruling on the merits and rejected the DUDAS' request to set aside the Arbitration Award (the "Judgment"). As a result, the Judgment effects a judicial determination confirming the Arbitration Award.

(Doc. 33, ¶ 19). Because this action was originally filed in State Court on May 8, 2017 (Doc. 2), within the three-year statute of limitations from the Brazil Court's confirmation of the Award, the Motion to Dismiss on this basis is denied.

**B. Right to Payment**

Defendant next argues that dismissal is appropriate as Plaintiff has failed to allege a "right to payment" under FUFTA because the underlying enforcement action in State Court is still pending and no Florida court has entered an order recognizing the foreign judgment, citing Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. § 55.601, *et. seq.* Plaintiff responds that Florida's courts have held that a

---

[5] For example, the Amended Complaint states: "This is an action for damages arising from an arbitration award obligation owed to Plaintiff by EDSON and NATALINA, and the fraudulent transfer of assets by EDSON and NATALINA to GEBY INVESTMENTS in order to hinder, delay, and defraud Plaintiff." (Doc. 33, ¶ 1).

creditor with a contingent claim is entitled to pursue an action under FUFTA. The Court agrees with Plaintiff. The Supreme Court of Florida has found that to proceed under FUFTA, it is not necessary that the creditor have obtained a judgment. *See Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So. 2d 189, 192 (Fla. 2003). As defined in section 726.102, a "claim" is broadly constructed and "means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* (quoting Fla. Stat. § 726.102(3)). "Thus, as is universally accepted, as well as settled in Florida, a 'claim' under the Act may be maintained even though 'contingent' and not yet reduced to judgment." *Id.*

Here, Plaintiff's Amended Complaint alleges that an Arbitration Award was entered and as of its entry Plaintiff holds a liquidated claim. (Doc. 33, ¶¶ 13-17). Plaintiff alleges that the Award was subsequently assigned to it, attaching copies of the Assignments. (*Id.* at ¶¶ 22-24). Under Florida law, Plaintiff has stated a plausible claim for a right to payment regardless of the fact that the claim might be contingent or disputed. This does not preclude Plaintiff from filing a claim under FUFTA concurrently in this Court.

Accordingly, it is now **ORDERED:**

Defendant Geby Investments, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 34) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record