UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOZMA INVESTMENTOS, LTDA, a
foreign corporation,

       Plaintiff,

v.                                                                Case No:   2:17-cv-306-FtM-99CM

EDSON PEREIRA DUDA,
NATALINA SACCHI DUDA and
GEBY INVESTMENTS, LLC,

       Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on the Duda Defendants' Motion to Dismiss

(Doc. 58) filed on February 5, 2018.  Plaintiff filed a Response in Opposition (Doc. 62) on

February 20, 2018, and the Dudas field a Reply (Doc. 66).  For the reasons set forth

below, the Motion is denied and this matter is stayed.

## BACKGROUND

This case arose because of an alleged fraudulent transfer of real property located

in Collier County, Florida (the "Property").  Plaintiff seeks recovery of the Property, owned

and fraudulently transferred by Defendants Edson and Natalina Duda to Geby

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.
These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked
documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this
Court does not endorse, recommend, approve, or guarantee any third parties or the services or
products they provide on their websites.  Likewise, the Court has no agreements with any of these
third parties or their websites.  The Court accepts no responsibility for the availability or
functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to
some other site does not affect the opinion of the Court.

Investments, LLC in avoidance of a creditor's (Kozma Investmentos, Ltda's) claim,[2] stemming from a $14 million foreign Arbitration Award (the Award) entered in Brazil. Plaintiff is currently proceeding on an Amended Complaint (Doc. 33), alleging state law claims, specifically two counts under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105-106 (FUFTA).

On July 27, 2017, this Court entered an Opinion and Order denying Plaintiff's Motion to Remand, finding this Court has subject-matter jurisdiction over this case because the Award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention (the Convention). *Kozma Investmentos, LTDA v. Duda*, 2017 WL 3193606 (M.D. Fla. July 27, 2017) (*Kozma I*). On September 19, 2017, the Court entered an Opinion and Order denying Defendant Geby's Motion to Dismiss for failure to state a claim, finding in part that Kozma's allegations established that it has a "right to payment" as required under FUFTA. *Kozma Investmentos, LTDA v. Duda*, 2017 WL 4155429 (M.D. Fla. Sept. 19, 2017) (*Kozma II*). In so finding, the Court relied on the fact that an underlying enforcement action in State Court brought by Plaintiff to gain recognition of the Award under the Florida Uniform Out-of-Country Foreign Money Judgment Recognition Act, Fla. Stat. § 55.601 *et seq.* (the "Enforcement Action") was pending.[3] *Id.* at * 3.

---

[2] The Arbitration Award was initially entered in favor of All Ore Minera, but was subsequently transferred and assigned to Kozma. (Doc. 33, ¶¶ 22-24).

[3] The Court has taken judicial notice of the underlying enforcement action styled *Kozma Investmentos, LTDA vs. Edson Pereira Duda & Natalina Sacchi Duda*, Case No. 2017–CA–000936. *See Kozma I*, 2017 WL 3193606, n.5; *Kozma II*, 2017 WL 4155429, n.4. The Court will continue to take judicial notice of these proceedings.

The Dudas now move to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim, arguing in part that since this Court issued its decision in *Kozma II*, the State Court has issued an order denying recognition of the Award in the Enforcement Action[4]. Therefore, the Dudas argue that Kozma no longer has a "claim" or "right to payment" as required to state a claim under FUFTA. The Dudas also argue that Kozma has failed to allege sufficient facts to establish personal jurisdiction over the Dudas who are Brazilian citizens. In support, the Dudas have submitted the Declaration of Defendant Natalina Sacchi Duda (the "Duda Declaration"). (Doc. 58-1). The Court will first address the jurisdictional argument.

**DISCUSSION**

**A. Personal Jurisdiction**

Courts conduct a two-part analysis when determining personal jurisdiction over a non-resident defendant. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990) (citations omitted). First, courts examine the jurisdictional issue under the state long-arm statute. *Id.* That is, the defendant must perform "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Second, courts examine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment to ensure the lawsuit does not offend "traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S.

---

[4] Kozma has appealed the State Court's decision in the Enforcement Action.

457 (1940)) (other citations omitted).  The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).  The Dudas assert that neither component of this standard is satisfied in this case.

### 1. Florida Long-Arm Statute

Plaintiff relies upon subsection (1)(a)(1) and (1)(a)(3) of the Florida long-arm statute related to specific jurisdiction, which permit the exercise of jurisdiction over actions arising from the carrying on of a business venture in Florida, or owning, using, or holding a mortgage or other lien on any real property within Florida.  (Doc. 33, ¶ 12).

### (a)  Fla. Stat. § 48.193(1)(a)(1): Business or Business Venture in Florida

"In order to establish that a defendant is carrying on [a] business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).  "[E]ngaging in a single act for profit can amount to a business venture," *Labbee v. Harrington*, 913 So. 2d 679, 683 (Fla. 3d DCA 2005) (citing *Wm. E. Strasser Constr. v. Linn*, 97 So. 2d 458, 460 (Fla. 1957)), but not every gainful transaction involving a Florida resident amounts to a business venture.  *See Walack v. Worldwide Machinery Sales, Inc.*, 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003).  Some factors the Court must consider include the "presence and operation of an office in Florida, [ ] the possession and maintenance of a license to do business in Florida, the number of Florida clients

served, and the percentage of overall revenue gleaned from Florida clients." *Horizon,* 421 F.3d at 1167 (internal citations omitted).

Although cited in the Amended Complaint as a basis for personal jurisdiction, Plaintiff does not argue in its brief why this subsection is satisfied. Plaintiff states in the Amended Complaint that Geby Investments is a Florida limited liability company owned by the Dudas, but Plaintiff does not allege that Geby Investments regularly conducts business in Florida. Therefore, the Court easily finds that Plaintiff has not met its burden to establish sufficient facts to make out a prima facie case of personal jurisdiction based on a business or business venture in Florida. Plaintiff has submitted no facts or submitted evidence showing that the activity of the Dudas show a general course of business activity in Florida.

### (b)     Fla. Stat. § 48.193(1)(a)(3): Owning Property in Florida

"By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership." *Nichols v. Paulucci*, 652 So.2d 389, 392 n.5 (Fla. 5th DCA 1995). *See also Dyck-O'Neal v. Rojas*, 197 So. 3d 1200, 1203 (Fla. 5th DCA 2016) (noting that personal jurisdiction was established because the amended complaint sufficiently pled that the cause of action arose from ownership of real property in Florida).

Here, the Amended Complaint alleges that Dudas are residents and citizens of Brazil and own, either directly or indirectly, Geby Investments, LLC. (Doc. 33, ¶¶ 4-5). Geby is a Florida limited liability company with its principal place of business in Collier County, Florida. (*Id.*, ¶ 6). Plaintiff alleges that on May 30, 2013, the Dudas purchased the Property. (*Id.*, ¶ 25). On March 17, 2014, the Dudas transferred the Property to Geby,

a company organized by the Dudas while the Arbitration Action was pending in Brazil. (*Id.*, ¶¶ 26-27).

To support dismissal for lack of personal jurisdiction, the Dudas have submitted the Duda Declaration, in which Natalina Duda attests that her home address in in Brazil and she does not do business in Florida or reside in Florida. (Doc. 58-1, ¶¶ 2-3). She also states that the Dudas have no post office box or telephone number in Florida, but maintain a checking account, which they primarily use while on vacation. (*Id.*, ¶ 3). It further states that the Dudas do not hold legal title to the Property; rather, Geby does. (*Id.*, ¶ 5). Since 2015, the Dudas have used the Property approximately four times per year while vacationing in Florida for approximately 15 to 20 days each time. (*Id.*, ¶ 7).

This Declaration shifts the burden back to plaintiff to produce evidence supporting personal jurisdiction. *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1276 (11th Cir. 2009). Plaintiff submitted the Warranty Deed, bill of sale, and closing statements for the purchase and transfer of the Property, and the Dudas Interrogatory Responses wherein they admit the transfer to Geby. (Doc. 62-1, Doc. 62-2, Doc. 62-3). The Court finds that Plaintiff has satisfied its burden to show personal jurisdiction over the Dudas. The allegations in the Amended Complaint that the Dudas fraudulently transferred the Property to Geby to shelter the Property from the Arbitration Award, arose from the Dudas ownership of property in Florida.

### 2. Due Process

In the specific jurisdiction context, due process requires that a defendant have adequate notice of the suit, and be subject to the personal jurisdiction of the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The "fair warning"

requirement is satisfied if defendant "purposefully directed his activities at the forum", and injuries resulted from those activities." *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990). Defendant's "conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)); *World–Wide Volkswagen Corp.*, 444 U.S. at 297). The Court "must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (citations omitted). *See also Int'l Shoe Co.*, 326 U.S. at 316.

> Thus where the defendant 'deliberately' has engaged in significant activities within a State, [ ], or has created 'continuing obligations' between himself and residents of the forum, [ ], he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King Corp.*, 471 U.S. at 475–76 (internal citations omitted). Factors considered to determine if the contacts comport with fair play and substantial justice "include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

The Court further finds that exercising personal jurisdiction over the Dudas does not offend due process. First, the Dudas purported contacts with Florida arose from the causes of action alleged in Plaintiff's Amended Complaint. Second, the Dudas purposefully availed themselves of the privilege of conducting activities within Florida

when they formed a Florida LLC to facilitate the ownership of real property in Florida. Thus, the Dudas could reasonably anticipate being haled into Court here.

## B. Failure to State a Claim

The Dudas argue that Plaintiff has failed to state a claim for fraudulent transfer because Plaintiff does not have a right to payment under FUFTA as no Florida court has entered an order recognizing the foreign judgment and recognition of the foreign judgment has been denied in the underlying proceeding.

In Florida, a "creditor" who possesses a "claim" may seek a number of remedies to prevent the fraudulent transfer of assets. Among the remedies are avoidance of the transfer, attachment, an injunction, appointment of a receiver, and "any other relief the circumstances may require." Fla. Stat. § 726.108(1)(b). A transfer is fraudulent if made "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." Fla. Stat. § 726.106(1). To utilize the protections of chapter 726, however, a plaintiff must show he or she has a "claim" which qualifies the party as a "creditor." *See* Fla. Stat. § 726.102(4)-(5). As defined in section 726.102, a "claim" is broadly constructed and "means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(4).

The Supreme Court of Florida has found that to proceed under FUFTA, it is not necessary that the creditor have obtained a judgment. *See Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So. 2d 189, 192 (Fla. 2003). "Thus, as is universally accepted, as well as settled in Florida, a 'claim' under the Act may be maintained even though

'contingent' and not yet reduced to judgment." *Id.* (citing *Money v. Powell*, 139 So. 2d 702, 703 (Fla. 2d DCA 1962) ("In this state contingent creditors and tort claimants are as fully protected against fraudulent transfers as holders of absolute claims.").

The Court understands and agrees with Plaintiff's argument that FUFTA does not require a judgment to maintain a cause of action. Plaintiff states that the ability to pursue an action under FUFTA does not depend upon a present or immediate right to payment. Although that may be the case, Plaintiff has neither pled, nor provided the Court with an avenue by which it is entitled to payment from Defendants based upon the Arbitration Award other than recognition by the Florida courts under the Florida Uniform Out-of-Country Foreign Money Judgment Recognition Act, Fla. Stat. § 55.601 *et seq.* (Doc. 33, ¶ 21). And importantly, Kozma has now lost on that front in State Court. Therefore, the Court finds that Plaintiff fails to plausibly allege that it currently has *any* right to payment from the Arbitration Award.

Recognizing this possibility, Plaintiff states this case may be stayed pending resolution of its pending appeal of the Enforcement Action, which, if resolved in Plaintiff's favor, would satisfy the "right to payment" requirement under FUFTA. (Doc. 62, p. 13). The Dudas offer no opinion on whether a stay is appropriate. The Court notes that Florida courts do not always stay the progression of a dependent FUFTA claim because often the Act endows plaintiffs with "creditor" status even if the underlying claim has not been reduced to a judgment. *See Friedman*, 863 So. 2d at 192-93. However, the *Friedman* court noted that any motion to stay a dependent FUFTA claim "would be properly addressed to the sound discretion of the trial court." *Id.* at 193. Here, the Court will exercise is discretion and deny dismissal of the Amended Complaint at this time and stay

the proceedings pending the resolution of Kozma's appeal of the order denying recognition entered in the Enforcement Action. Plaintiff shall provide the Court with status updates every 90 days and immediately inform the Court on the outcome of the appeal and its effect on this case.

## C. Judicial Notice

Finally, the Court considers the Motion for Judicial Notice filed by Geby in which Geby requests that the Court take judicial notice of certain opinions entered by the Brazilian Trial and Appellate Court of a parallel judicial proceeding seeking enforcement of the Award. (Doc. 67). Plaintiff filed a Response in Opposition (Doc. 69) on March 28, 2018. Given the stay, the Court sees no reason to take judicial notice of the Brazilian opinions at this time.

Accordingly, it is now **ORDERED:**

(1) Duda Defendants' Motion to Dismiss (Doc. 58) is **DENIED**. This matter is **STAYED** pending the resolution of Kozma's appeal of the order denying recognition entered in the Enforcement Action. The Clerk is directed to add a stay flag to this case.

(2) Plaintiff shall provide the Court with status updates every 90 days**, commencing June 26, 2018**, and otherwise immediately inform the Court on the outcome of the appeal and its effect on this case.

(3) Geby Investments, LLC's Motion to Take Judicial Notice (Doc. 67) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record