UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOZMA INVESTMENTOS, LTDA, a
foreign corporation

      Plaintiff,

v.                           Case No:  2:17-cv-306-FtM-38UAM

EDSON PEREIRA DUDA,
NATALINA SACCHI DUDA and
GEBY INVESTMENTS, LLC,

      Defendants.
_____/

## OPINION AND ORDER[1]

      This matter comes before the Court on Defendants' Renewed Motion to Dismiss

Amended Complaint With Prejudice (Doc. 78) filed on March 20, 2019.  No response has

been filed and the time to do so has expired.  For the reasons set forth below, the Motion

is granted.

## BACKGROUND

      This case arose because of an alleged fraudulent transfer of real property located

in Collier County, Florida (the "Property").  Plaintiff seeks recovery of the Property, owned

and fraudulently transferred by Defendants Edson and Natalina Duda to Geby

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.
These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked
documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this
Court does not endorse, recommend, approve, or guarantee any third parties or the services or
products they provide on their websites.  Likewise, the Court has no agreements with any of these
third parties or their websites.  The Court accepts no responsibility for the availability or
functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to
some other site does not affect the opinion of the Court.

Investments, LLC in avoidance of a creditor's (Kozma Investmentos, Ltda's) claim,[2] stemming from a $14 million foreign Arbitration Award (the Award) entered in Brazil. Plaintiff is currently proceeding on an Amended Complaint (Doc. 33), alleging state law claims, specifically two counts under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105-106 (FUFTA).

On September 19, 2017, the Court entered an Opinion and Order denying Defendant Geby's Motion to Dismiss for failure to state a claim, finding in part that Kozma's allegations plausibly alleged that it has a "right to payment" as required under FUFTA. *Kozma Investmentos, LTDA v. Duda*, 2017 WL 4155429 (M.D. Fla. Sept. 19, 2017) (*Kozma II*). In so finding, the Court relied on the fact that an underlying enforcement action in State Court brought by Plaintiff to gain recognition of the Award under the Florida Uniform Out-of-Country Foreign Money Judgment Recognition Act, Fla. Stat. § 55.601 *et seq.* (the "Enforcement Action") was pending.[3] *Id.* at * 3.

On February 5, 2018, the Dudas moved to dismiss the Amended Complaint for failure to state a claim, arguing in part that since this Court issued its decision in *Kozma II*, the State Court had denied recognition of the Award in the Enforcement Action. (Doc. 58). However, because the State Court's Order was on appeal, the Court denied the Motion to Dismiss without prejudice and stayed the case pending the outcome of the appeal. (Doc. 70). On March 21, 2019, the Second District Court of Appeal *per curiam*

---

[2] The Arbitration Award was initially entered in favor of All Ore Minera, but was subsequently transferred and assigned to Kozma. (Doc. 33, ¶¶ 22-24).

[3] The Court has taken judicial notice of the underlying enforcement action styled *Kozma Investmentos, LTDA vs. Edson Pereira Duda & Natalina Sacchi Duda*, Case No. 2017–CA–000936. *See Kozma I*, 2017 WL 3193606, n.5; *Kozma II*, 2017 WL 4155429, n.4. The Court will continue to take judicial notice of these proceedings.

affirmed the State Court's denial of recognition under the Foreign Judgment Act. (Doc. 79).

The Dudas again move to dismiss for failure to state a claim, arguing that because no Florida court has entered an order recognizing the foreign judgment, Plaintiff has no right to payment under FUFTA.

## DISCUSSION

In Florida, a "creditor" who possesses a "claim" may seek a number of remedies to prevent the fraudulent transfer of assets. Among the remedies are avoidance of the transfer, attachment, an injunction, appointment of a receiver, and "any other relief the circumstances may require." Fla. Stat. § 726.108(1)(b). A transfer is fraudulent if made "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." Fla. Stat. § 726.106(1). To utilize the protections of chapter 726, however, a plaintiff must show he or she has a "claim" which qualifies the party as a "creditor." *See* Fla. Stat. § 726.102(4)-(5). As defined in section 726.102, a "claim" is broadly constructed and "means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(4).

Here, Plaintiff has neither pled, nor provided the Court with an avenue by which it is entitled to payment from Defendants based upon the Arbitration Award other than recognition by the Florida courts under the Florida Uniform Out-of-Country Foreign Money Judgment Recognition Act, Fla. Stat. § 55.601 *et seq.* (Doc. 33, ¶ 21). However, Kozma has now lost on that front in State Court and on appeal. Therefore, the Court finds that

Plaintiff fails to plausibly allege that it currently has *any* right to payment from the Arbitration Award. Therefore, the FUFTA claims are due to be dismissed with prejudice for failure to state a claim.

Accordingly, it is now

**ORDERED:**

The stay is lifted and Defendants' Renewed Motion to Dismiss Amended Complaint With Prejudice (Doc. 78) is **GRANTED** and this case is dismissed with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of April, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record